UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GENNA SMALL,

*Plaintiff,*

– against –

BJ'S WHOLESALE CLUB, INC.;
BJ'S WHOLESALE HOLDINGS, INC.

*Defendants.*

**ORDER**
26-cv-00831 (NCM) (TAM)

**NATASHA C. MERLE**, United States District Judge:

On February 8, 2026, the Court directed the parties to show cause why this action should not be remanded to state court given that defendants removed the case to federal court more than one year after the case was commenced. Order to Show Cause, ECF entry dated Feb. 18, 2026. Defendants filed their response on February 25, 2026, and plaintiff filed her response on March 18, 2026. Defs.' Ltr., ECF No. 5; Pl.'s Ltr., ECF No. 9. For the reasons that follow, defendants have not established that an equitable exemption to the one-year removal time bar is appropriate. Accordingly, removal is untimely and the case is **REMANDED** to the Supreme Court of the State of New York, County of Kings pursuant to 28 U.S.C. § 1447(c)(1).

A "case may not be removed under [28 U.S.C. § 1446(b)(3)] on the basis of [diversity jurisdiction] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Courts have granted equitable extensions of the deadline to remove a case to federal court "where the plaintiff has

1

engaged in strategic gamesmanship to prevent a defendant's removal from state court." *Kozlova v. Whole Foods Mkt. Grp.*, No. 20-cv-6025, 2021 WL 4398234, at *4 (E.D.N.Y. Sept. 26, 2021), *adopting report and recommendation*, 2021 WL 4755891 (E.D.N.Y. Jan. 24, 2021) (quoting *Cruz v. Stop & Shop Supermarket Co.*, No. 19-cv-11565, 2020 WL 3430193, at *3 (S.D.N.Y. June 23, 2020)).[1] Thus, where there is "evidence of the plaintiff's nefarious intent to delay so as to prevent removal," an extension may be warranted. *Cruz*, 2020 WL 3430193, at*4.

Here, defendants rely wholly on delay to support a finding that plaintiff acted in bad faith. Defendants assert that plaintiff's failure to respond to their repeated requests for a bill of particulars, combined with plaintiff's production of a bill of particulars after the deadline to remove the case, among other things, establishes bad faith. Defs.' Ltr. 3–5. ("The timing of the disclosure, after confirming receipt of [d]efendants' deficient discovery letter, after a requested extension, after a promised production date, and after expiration of the removal window, supports the conclusion that the delay was not inadvertent."). However, "failure to provide a bill of particulars" alone is "not the type of obviously strategic behavior that would justify finding plaintiff acted in bad faith." *Martinez v. Yordy*, No. 16-cv-005, 2016 WL 8711443, at *3 (E.D.N.Y. Feb 19, 2016); *see Schabhuttl v. BJ's Membership Club,* No. 23-cv-0782, 2023 WL 3180379, at *2 (E.D.N.Y. May 1, 2023) (collecting cases where disclosure of the amount-in-controversy made *after* the expiration of the removal period did not amount to bad faith).

Moreover, the Court cannot find bad faith here where defendants "had the opportunity to take further action to ensure removal before one year had elapsed,"

---

[1]    Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

including by pursuing a formal motion to compel to obtain the requested information, but did not do so. By their own admission, "[d]efendants filed a [m]otion to [c]ompel in the state court action on January 9, 2026," i.e., a week after the one-year limit for removal had lapsed. *See* Compl., ECF No. 1-1 (filed December 31, 2024); Defs.' Ltr. 3; *see also Marin v. Sephora USA, Inc.*, No. 20-cv-3520, 2020 WL 3999711, at *6 (S.D.N.Y. July 15, 2020) (faulting counsel who "did not make a formal motion to compel until . . . after the one-year limit for removal had lapsed").

Finally, defendants have not shown that plaintiff acted with intent to prevent removal. *Kozlova*, 2021 WL 4398234, at *4 ("Unresponsiveness does not amount to bad faith absent indicia of intent to prevent removal."). Here, plaintiff's counsel claims that they did not know about the one-year removal deadline and that they were delayed in producing the requested discovery due to "trouble communicating with" their client, who lives in another country. Pl.'s Ltr. 2–4. "The [C]ourt is entitled to rely on the representations of counsel, as officers of the court." *Geoghegan v. Progressive Cas. Ins. Co.*, No. 17-cv-00008, 2018 WL 9781219, at *3 (W.D.N.Y. Jan. 5, 2018). Although this explanation is not "particularly compelling" it appears to "demonstrate negligence rather than bad faith" on the part of plaintiff. *Marin*, 2020 WL 3999711, at *7.

**CONCLUSION**

Because defendants have not established that plaintiff acted in bad faith with the intent to prevent removal, removal is untimely. Accordingly, the case is **REMANDED** to the Supreme Court of the State of New York, County of Kings.

**SO ORDERED.**

_/s/ Natasha C. Merle_

NATASHA C. MERLE

United States District Judge

Dated:        April 20, 2026

Brooklyn, New York